IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **HUBERT ALAN JASON, II,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00320 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DAVID ROBINSON, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Hubert Alan Jason, II, Pro Se Plaintiff.*

The plaintiff, Hubert Alan Jason, II, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently before me on his Motion seeking interlocutory injunctive relief, ECF No. 6. After review of the record, I conclude that the Motion must be denied.

Jason filed this § 1983 action in May 2021 and submitted the present motion in late June of 2021. The Complaint alleges that 35 officials of the Virginia Department of Corrections ("VDOC") and officers at Wallens Ridge State Prison ("Wallens Ridge") violated Jason's constitutional rights in multiple, unrelated incidents between May 15, 2019 (when he arrived at Wallens Ridge) and February 28, 2021. The Complaint identifies 24 separate claims and demands injunctive and monetary relief. Jason's so-called claims in the Complaint are largely conclusory

and are misjoined, in violation of Rules 18 and 20 of the Federal Rules of Civil Procedure. By separate Order, the court will require Jason to file an Amended Complaint to correct these deficiencies or have his case dismissed without prejudice.[1]

In the instant Motion seeking interlocutory relief, Jason complains about different, unrelated, and more recent events than those alleged in the initial Complaint. In June 2021, right after he had connected his JPay tablet to the kiosk during pod recreation and initiated the "syncing" process, an officer (not a defendant in the lawsuit) ordered a lockdown. Jason remained with his tablet and did not comply when the officer ordered him to return to his cell. After the syncing process was complete, officers escorted Jason to the Restrictive Housing Unit ("RHU"), where he underwent a strip search while locked in a shower. When officers ordered him to comply with cuffing procedures, Jason lay on the floor. Lieutenant Smith (not a defendant in the lawsuit) repeated the order to cuff up, and when Jason failed to do so, Smith sprayed him with mace. Officers extracted Jason from the shower and escorted him to a table for medical attention. Jason turned his head to talk to the nurse. Smith, who later claimed to believe Jason was trying to bite him, slammed the inmate's head against the steel table and held him there. Jason also complains

---

[1] Several months after submitting the instant Motion, Jason also submitted a purported amendment to the Complaint, naming fifteen additional defendants and adding claims numbered 25-40. The court will address this submission by separate order.

about disciplinary charges he received related to these events and about a separate event in May 2021, when he was charged with fighting back against an inmate who attacked him.

Because the events at issue in Jason's motion for interlocutory injunctive relief are not related to the actions of the defendants alleged in the initial Complaint, I must deny the Motion. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Jason's motion fails to make these showings. As indicated, the events at issue in his Motion involved individuals not named as defendants in the lawsuit and events that occurred months after the latest constitutional violation alleged in the Complaint. Accordingly, I cannot find that Jason is entitled to the extraordinary remedy he is seeking.

For the reasons stated, it is **ORDERED** that the Motion, ECF No. 6, is DENIED.

ENTER: November 8, 2021

/s/ JAMES P. JONES
Senior United States District Judge