IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **HUBERT ALAN JASON, II,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 7:21CV00320 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DAVID ROBINSON, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Hubert Alan Jason, II, Pro Se Plaintiff.*

Plaintiff, Hubert Alan Jason, II, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The case is currently before me on Jason's Amended Complaint. Because it fails to comply with express instructions in a prior court Order, I must summarily dismiss the Amended Complaint without prejudice and close the case.

The initial Complaint in this case alleged that 35 officials of the Virginia Department of Corrections ("VDOC") and officers at Wallens Ridge State Prison ("Wallens Ridge") violated Jason's constitutional rights in multiple, unrelated incidents between May 15, 2019 (when he arrived at Wallens Ridge) and February 28, 2021. Jason later submitted an amendment seeking to add more similarly unrelated claims and defendants to the case. The court entered an Order denying

this improper amendment and notifying Jason that he could not litigate multiple, unrelated claims in one lawsuit, in violation of the Federal Rules of Civil Procedure 18 and 20, governing proper joinder of claims and/or defendants.  This Order directed Jason to file an Amended Complaint that presented only properly joined claims concerning a violation or related violations of his personal constitutional rights arising from *a single event or closely related events*.  The Order also warned Jason that failure to file an Amended Complaint to correct the noted deficiencies would result in dismissal of the case without prejudice.

Jason has submitted an Amended Complaint, setting forth twenty claims, concerning twenty events that occurred on different dates between May 15, 2019, and July 15, 2021.  This document names more than twenty defendants and refers to other defendants whom Jason has not yet identified by name.  The subject matter of these claims range  from temporary confiscation of Jason's kufi on more than one occasion to beverages missing from several meals during Ramadan in 2020 and 2021, from an alleged use of excessive force to unsatisfactory classification calculations, from Ramadan meals being served too late or on the floor to verbal instruction not to pray during recreation.  Each claim concerns a different event and a different defendant or group of defendants.

Jason's Amended Complaint simply does not comply with the Federal Rules governing joinder, which the court's prior Order clearly explained and instructed

him to follow.  He may litigate such unrelated claims — just not in the same lawsuit.[1] "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Jason asserts that he "can only assume" that all of the events of which he complains in the Amended Complaint occurred because he is a Muslim.  Am. Compl. Attach. 2 at 9, ECF No. 20-1.  His assumption is not supported by the allegations in his submission, nor does this conclusory assertion qualify as a ground on which to find his many claims or defendants to be properly joined.

In short, Jason's Amended Complaint sets forth claims that are not properly joined, despite the court's instruction to correct this deficiency in the amended pleading.  I decline to choose which claims may best proceed in this action, effectively becoming Jason's counsel.  *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).  Accordingly, I will dismiss the Amended Complaint due to Jason's failure to comply with a court order.  Because it is possible for Jason to cure the pleading's deficiencies and file one or more properly joined claims in future, separate civil actions, I will dismiss the case without prejudice.  *See,*

---

[1]  I make no finding that any one or more of the allegations presented in Jason's current or prior pleadings is sufficient to state a viable constitutional claim actionable under § 1983.

*e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993).

A separate Final Order will be entered herewith.

ENTER: May 4, 2022

/s/  JAMES P. JONES
Senior United States District Judge